**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

DENISE M. WARD,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendants.

Case No. 26-CV-1131-JPS

**ORDER**

## 1. INTRODUCTION

In June 2026, Plaintiff Denise M. Ward ("Ward"), proceeding pro se, filed a complaint in this matter alleging that the Transportation Security Administration ("TSA") damaged her laptop. ECF No. 1. Ward also moves for leave to proceed without prepaying the filing fee. ECF No. 2. This Order grants the motion, screens Ward's complaint, and orders service of the complaint on Defendant, the United States of America.

## 2. MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit to the court a request to proceed without prepaying the required filing fees, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).[1]

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972), a

[1]Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.,* 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as recognized by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

The Court finds that Ward is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). She represents under oath that she is not employed, is not married, and has no dependents. ECF No. 2 at 1. She receives $1,300 per month in Social Security disability income. *Id.* at 2. Her monthly expenses total about $1,200. *Id.* at 2–3. She owns a car, a home valued at $250,000, and about $200 in bank accounts. *Id.* at 3. Based on these representations, the Court is satisfied that she is indigent. For the reasons stated below, the Court also finds that Ward's complaint generally clears the 28 U.S.C. § 1915(e)(2) threshold and survives screening. Accordingly, the Court will grant Ward's motion for leave to proceed without prepayment of the filing fee. ECF No. 2.

## 3. SCREENING THE COMPLAINT

### 3.1 Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a

claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 3.2 Ward's Factual Allegations

On May 21, 2025, Ward passed through TSA security screening at O'Hare Airport in Chicago, Illinois. ECF No. 1 at 2. The x-ray belt became backed up, and Ward expressed concern to a TSA agent about the safety of her belongings. *Id.* Ward alleges that "the belt kept moving and the containers made a V shape in the air," and Ward's laptop was in one of those containers. *Id.* When Ward retrieved her laptop, she discovered that the laptop had been cracked in two places. *Id.* Ward alleges that the TSA agents' negligence caused the damage. "Alma from TSA" took photos and a video of the damage. *Id.* at 3. Ward filed a claim on the TSA's website on May 25, 2025. *Id.* Since then, "no action has been taken on [her] claim." *Id.* For relief, Ward seeks $500—the cost of replacing the laptop. *Id.*

### 3.3 Analysis

The Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., governs Ward's claim. *See Cook v. Transp. Sec. Admin. TSA*, No. 26-CV-2199 (JPO), 2026 LX 169606, at *1 (S.D.N.Y. Mar. 27, 2026). "The FTCA is the exclusive remedy for property damage caused by the negligent or wrongful acts of government employees while acting within the scope of their employment." *Tucker v. TSA Claims Mgmt. Branch*, No. 4:24-cv-00595-JMB, 2024 U.S. Dist. LEXIS 97967, at *2 (E.D. Mo. June 3, 2024) (citing 28 U.S.C. § 2679(b)(1)). Ward properly named the United States as the defendant.[2] *See id.* (citing *Kearns v. United States*, 23 F.4th 807, 811 (8th Cir. 2022) and *Anthony v. Runyon*, 76 F.3d 210, 212–13 (8th Cir. 1996)). Ward has plausibly alleged that the negligent acts of federal employees, while acting within the

[2]Accordingly, the Court will direct the Clerk of Court to terminate the TSA as a defendant.

scope of their employment, caused damage to Ward's property. She may therefore proceed on her FTCA claim. To the extent Ward's complaint raises issues of exhaustion, statute of limitations, venue, etc., the Court invites motion practice on such issues in accordance with its Comprehensive Protocols and Procedures Order, which will issue contemporaneously with this Order.

**4. CONCLUSION**

For the reasons stated above, Ward may proceed on a FTCA claim against the United States. Because she is indigent and brings a non-frivolous claim, her motion to proceed without prepaying the filing fee will be granted.

The Court will direct the Clerk of Court to serve the complaint on the United States consistent with the provisions of Federal Rule of Civil Procedure 4. Once the United States appears through counsel, it must file either an answer to the complaint or a motion under Federal Rule of Civil Procedure 12, by the applicable deadlines stated in that rule and in accordance with the Court's Comprehensive Protocols and Procedures Order.

Accordingly,

**IT IS ORDERED** that Plaintiff Denise M. Ward's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court terminate the TSA as a defendant in this action;

**IT IS FURTHER ORDERED** that the Clerk of Court serve the complaint on the United States consistent with the provisions of Federal Rule of Civil Procedure 4; and

**IT IS FURTHER ORDERED** that the United States shall file a responsive pleading to the complaint.

Dated at Milwaukee, Wisconsin, this 7th day of October, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute.